IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HARRY MICHAEL HIBBETTS,

    Petitioner,

vs.

JOSE M. VAZQUEZ,

    Respondent.

CIVIL ACTION NO.: CV205-163

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Harry Michael Hibbetts ("Hibbetts"), an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Hibbetts has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Hibbetts pleaded guilty to one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm, in violation of 18 U.S.C. § 922(g), in the Central District of Illinois. Hibbetts was sentenced to 140 months' imprisonment on the drug count and to 120 months' imprisonment on the firearm count, to be served concurrently, followed by five years' supervised release. (Mot. to Dismiss, pp. 1-2.) Hibbetts filed an appeal, and the Seventh Circuit Court of Appeals affirmed his conviction and sentences. United States v. Hibbetts, 172 F.3d 54 (7th Cir. 1999) (Table). Hibbetts filed a motion to vacate his sentence pursuant to 28 U.S.C. §

AO 72A
(Rev. 8/82)

2255, and the Central District of Illinois denied this motion. Hibbetts filed a motion pursuant to FED. R. CIV. P. 60(b), as well as a petition for a writ of mandamus. The Central District of Illinois dismissed both of these pleadings as successive section 2255 motions.

Hibbetts, in the instant petition, asserts that he pleaded guilty to the charges set forth in the indictment, which did not specify a drug quantity. Hibbetts also asserts that the judge was the fact finder and used the incorrect standard of proof in imposing an aggravated sentence for a charge (i.e., drug quantity) that was not presented to the grand jury or proven beyond a reasonable doubt. Hibbetts contends that he has satisfied section 2255's savings clause because circuit law foreclosed his claims at the time they were raised and because Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), is retroactively applicable to cases on collateral review. In support of his contention that Blakely is retroactively applicable to cases on collateral review, Hibbetts cites to Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989), and Schriro v. Summerlin, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004). Hibbetts asserts that, even though his claims are procedurally defaulted, he is permitted to collaterally attack his sentence based on the Blakely decision. Hibbetts maintains that he is actually innocent of the aggravating elements of the act required to enhance his sentence.

Respondent avers that Hibbetts' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Hibbetts has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely, and by extension United States v. Booker, 543 U.S. ___, 125 S. Ct.

2

735, 160 L. Ed.2d 621 (2005), do not apply retroactively to cases on collateral review. (Mot. to Dismiss, p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Hibbetts has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Hibbetts contends that he "has had no reasonable opportunity for a judicial remedy to correct the fundamental defect in his case." (Mem., p. 4.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

AO 72A
(Rev. 8/82)

Hibbetts largely bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker[2]. However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Hibbetts was sentenced in the Central District of Illinois on July 2, 1998, and his conviction and sentences were affirmed on January 5, 1999. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Hibbetts to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague, despite his contentions to the contrary.

The Supreme Court has found that, when one of its decisions announces a new rule, "the rule applies only in limited circumstances" in cases of "convictions that are already final." Schriro, 542 U.S. at 351, 124 S. Ct. at 2522. The Supreme Court distinguished between new substantive rules, which generally apply retroactively, and new procedural rules, which generally do not apply retroactively. 542 U.S. at 351-52, 124 S. Ct. at 2522-23. The Court noted that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons the law punishes . . . . In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." 542 U.S. at 353, 124 S. Ct. at 2523 (emphasis in original). New procedural rules are given "retroactive effect" if they represent the "small set of 'watershed rules of criminal procedure'

---

[2] The Supreme Court's decision in Booker applies to the United States Sentencing Guidelines ("U.S.S.G."), whereas the Blakely decision applies to the Washington state sentencing guidelines. Because Hibbetts is contesting his sentence imposed under the U.S.S.G., it is appropriate to use Booker in discussing his petition.

5

implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (citing Teague, 489 U.S. at 311, 109 S. Ct. at 1076).

The Supreme Court's holdings in Blakely and Booker represent a procedural rule which does not alter the range of conduct which subjects a defendant to punishment. Assuming without deciding that these cases present a new rule, a new rule is not applied retroactively to cases on collateral review for purposes of authorizing a second or successive § 2255 motion until the Supreme Court expressly states that it should be applied retroactively. Dean, 375 F. 3d at 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)). In addition, the Eleventh Circuit Court of Appeals has determined that Booker does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005).

Hibbetts has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the Central District of Illinois rejected Hibbetts' claims on several prior occasions (Pet., p. 12; Mot. to Dismiss, pp. 2-3; Reply, p. 3) does not render section 2255's remedy inadequate or ineffective. Hibbetts has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Accordingly, it is not necessary to address his actual innocence claim. See id. at n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

AO 72A
(Rev. 8/82)

In sum, Hibbetts cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Hibbetts is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 7) be **GRANTED**, and Hibbetts' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)